**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2013

Lyle W. Cayce
Clerk

No. 12-30118
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGELA S. LAFONTA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:10-CR-293-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Angela S. Lafonta was found guilty by a jury of three counts of making a false or fraudulent claim to a department or agency of the United States in violation of 18 U.S.C. § 287 and was sentenced to concurrent terms of 55 months of imprisonment and three years of supervised release. She now appeals.

In her challenge to the sufficiency of the evidence, Lafonta argues that the evidence presented at trial did not establish that she had the requisite criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent.  She contends that there was no evidence to show that she knew the claims were false or fraudulent.

We will uphold the jury's verdict if a rational trier of fact could conclude that "the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict."  *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008) (internal quotation marks and citation omitted).  Direct and circumstantial evidence are weighed equally, and it is not necessary that the evidence exclude every reasonable hypothesis of innocence.  *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).  The elements that must be proven to establish the offense of making a false claim to the federal government under § 287 are that (1) the defendant made a false claim against the federal government; (2) the claim was made to an agency of the federal government; and (3) the defendant knew the claim was false or fraudulent.  *United States v. Okoronkwo*, 46 F.3d 426, 430 (5th Cir. 1995).

The obvious discrepancies between the attendance records and invoices from Lafonta's day care facilities over which Lafonta was solely responsible and the testimony establishing that Lafonta instructed employees to falsify records was sufficient for a rational trier of fact to conclude that Lafonta intended to defraud the Government.  To the extent that Lafonta argues her own testimony conflicted with that of her employees and other government witnesses, she is challenging the jury's assessment of her credibility.  "All credibility determinations and reasonable inferences are to be resolved in favor of the verdict."  *See United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995).  Her challenge to the sufficiency of the evidence is without merit.

Next, Lafonta challenges the procedural reasonableness of her sentence by arguing that the offense level increases she received are erroneous.  Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we must determine whether the sentence imposed is procedurally sound, including whether the calculation of the

advisory guidelines range is correct.    We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As for Lafonta's challenge to the amount of loss, the Guidelines provide for a 10-level increase if the amount of loss was more than $120,000 but less than $200,000.  U.S.S.G. § 2B1.1(b)(1)(F).  "The court need only make a reasonable estimate of the loss.  The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence.  For this reason, the court's loss determination is entitled to appropriate deference."  § 2B1.1, comment. (n.3(C)).

Lafonta did not present any evidence showing that the method of calculating loss was unreliable and offered no other alternative means for determining the amount of loss.  Her objection does not overcome the reliability of the information contained in the Presentence Report (PSR). *See United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010); *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002).  To the extent that she argues that the district court cannot consider evidence on counts for which she was acquitted, the argument is foreclosed by *United States v. Watts*, 519 U.S. 148, 157 (1997). *See United States v. Farias*, 469 F.3d 393, 399 (5th Cir. 2006); *see also United States v. Valdez*, 453 F.3d 252, 264 & n.18 (5th Cir. 2006).

Challenging the two-level enhancement for obstruction of justice under § 3C1.1, Lafonta argues that the district court cannot rely on the jury's verdict to determine that she committed perjury.  Lafonta acknowledges that she contacted witnesses prior to trial but asserts that the contact was benign and that she did not seek to have the witnesses testify in an untruthful manner. Because the district court made an independent finding that Lafonta committed perjury and attempted to influence a witness by contacting her during the trial despite a court order prohibiting such contact, the enhancement for obstructing

justice was not clearly erroneous. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

Lafonta further argues that the district court erred in applying an offense level increase pursuant to § 3B1.1(a) based on a finding that she was the leader of a criminal activity involving at least five persons. She contends only that the parents of children attending her daycare facilities were not aware of criminal activity. However, there was no finding that the parents were part of the criminal enterprise. Rather, the district court relied on testimony that 10 to 15 employees admitted to falsifying records at the direction of Lafonta and her subordinates. Thus, the Government proved that Lafonta directed the activity and that the criminal activity involved at least five participants. *See United States v. Boutte*, 13 F.3d 855, 860 (5th Cir. 1994).

Finally, Lafonta challenges the two-level enhancement under § 3B1.3 based on a finding that she abused a position of public or private trust. A § 3B1.3 enhancement is allowed "whenever any victim of a criminal scheme placed the defendant in a position of trust that significantly facilitated the crime." *United States v. Buck*, 324 F.3d 786, 795 (5th Cir. 2003). Lafonta was the only individual responsible for evaluating the attendance logs and preparing the invoices, which were used to defraud the Government. Accordingly, she was in an unique position to significantly facilitate the fraud, and the enhancement was not clearly erroneous. *See Buck*, 324 F.3d at 795.

The judgment of the district court is AFFIRMED.